UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 8:08-cr-225-T-30EAJ

ERIC BRANDON ALMLY,

    Defendant.

**UNITED STATES' MOTION FOR**
**FORFEITURE MONEY JUDGMENT**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b), to enter a Forfeiture Money Judgment, which, upon entry, shall become a final order of forfeiture as to defendant Eric Brandon Almly. In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    Statement of Facts**

    1.    On May 20, 2008, a One Count Information was filed in the instant case charging defendant Eric Brandon Almly with interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. (Doc. 1). The Information also contained forfeiture allegations that put the defendant on notice that the United States would seek to forfeit any and all of the defendant's right, title, and interest

in any property, real and personal, constituting and derived from proceeds traceable to such offense, including, but not limited to, a forfeiture money judgment in the amount of $154,214.41.

2. On June 18, 2008, defendant Eric Brandon Almly tendered a guilty plea to Count One of the Information at a hearing held before Magistrate Judge Mary S. Scriven, who issued a Report and Recommendation that the guilty plea be accepted. (Doc. 14). On July 2, 2008, the Court accepted his plea and rendered an adjudication of guilt as to defendant. (Doc. 17).

3. In paragraph 9, entitled <u>Forfeiture of Assets</u>, on page 5 of his plea agreement, defendant Eric Brandon Almly agreed to the entry of a money judgment in the amount of $154,214.41. (Doc. 3).

4. The sentencing of defendant Eric Brandon Almly is set for September 23, 2008.

**II.     Legal Analysis**

The Court's authority to order forfeiture for a violation of 18 U.S.C. § 2314 is founded upon 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such

2

offense.[1] In turn, 18 U.S.C. § 1956(c)(7) defines "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1); a violation of 18 U.S.C. § 2314 is such an offense.

Rule 32.2(b)(1) further requires that, where, as here, the United States seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay. The government seeks forfeiture money judgments, pursuant to Rule 32.2(b), in those specific instances where the defendant no longer has the actual dollars or traceable property in his possession, or the government cannot locate them. In these cases, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the government. *United States v. Padron,* Case No. 8:05-CR-546-T-26MSS, 2008 WL 2036830 (11th Cir. May 13, 2008) (district court may issue a forfeiture order in the form of a money judgment in mail fraud case); *United States v. Puche,* 350 F.3d 1137, 1153 (11th Cir. 2003) (money judgment equal to value of commission and untainted money used to facilitate money laundering)*; United States v. Conner,* 752 F.2d 566 (11th Cir. 1985) (ordering money judgment for amount of proceeds obtained from RICO violations).

---

[1] 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property which can be forfeited civilly. The procedures for the forfeiture and disposition of property are governed by the provisions of 21 U.S.C. § 853.

Because the United States could not locate specific property constituting or derived from proceeds the defendant received from the interstate transportation of stolen property, that is the actual funds obtained or items purchased with said funds, the United States seeks a forfeiture money judgment in the amount of $154,214.41 against the defendant for which he is personally liable, pursuant to Fed. R. Crim. P. 32.2(b)(2).  The $154,214.41 money judgment represents the amount of proceeds obtained by the defendant from the interstate transportation of stolen goods.  Defendant Eric Brandon Almly admitted that from at least January 2002 to April 20, 2007, he transported, in interstate commerce, items that he had stolen, selling the stolen goods for at least $154,214.41.  Specifically, on March 28, 2007, defendant unlawfully entered into the corporate headquarters of the Outback Steakhouse in Tampa, Florida, and stole multiple computers, which he then transported to Miami, Florida, where he began selling them on eBay to unwitting buyers who had no reason to know that they were purchasing stolen property.  Defendant generally collected payments for the stolen computers through PayPal, which caused the stolen goods to be mailed across state lines and around the world.  According to PayPal, the defendant created a PayPal account on April, 7, 2004, and received a total of $154,214.41.

Accordingly, the United States requests that the Court enter a Forfeiture Money Judgment pursuant to Fed. R. Crim. P. 32.2(b)(2).  Also, pursuant to Rule

32.2(b)(3), at sentencing, "the [preliminary] order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment."  *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

### III.     Conclusion

The United States respectfully requests that this Court enter a Forfeiture Money Judgment in the amount of $154,214.41 for which defendant Eric Brandon Almly is personally liable, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

The United States further requests that the Court retain jurisdiction to enter any further orders necessary for the forfeiture and disposition of any property, belonging to the defendant, that the United States is entitled to seek as substitute assets up to the value of the $154,214.41 money judgment and to entertain any third party claims that may be asserted in these proceedings.

          Respectfully submitted,

          ROBERT E. O'NEILL
          United States Attorney

By:    *s/Anita M. Cream*
          ANITA M. CREAM
          Assistant United States Attorney
          Florida Bar No. 56359
          400 North Tampa Street, Suite 3200
          Tampa, Florida  33602
          (813) 274-6301 - telephone
          (813) 274-6220 - facsimile
          E-mail: anita.cream@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Thomas Nelson Palermo
Assistant United States Attorney

Howard C. Anderson, AFPD

*s/ Anita M. Cream*
ANITA M. CREAM
Assistant United States Attorney
Asset Forfeiture Section